**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **STEPHEN P. HROBUCHAK**, Jr., | CIVIL ACTION NO. 3:15-CV-777 |
| Appellant, | (JUDGE CAPUTO) |
| v. | Chapter 7 |
| **NAVISTAR FINANCIAL CORPORATION** and **NAVISTAR LEASING COMPANY**, | Bankruptcy: 5:14-bk-02098-JJT |
| Appellees. | |

## **MEMORANDUM**

Presently before the Court is Appellant, Stephen P. Hrobuchak, Jr.'s ("Hrobuchak") appeal from an Order of the United States Bankruptcy Court for the Middle District of Pennsylvania dated October 23, 2014 (Doc. 1-1.)  and an Order denying Reconsideration dated April 8, 2015. (Doc. 4-15.) Specifically, Hrobuchak appeals the following: the bankruptcy court's adjudication of Hrobuchak as a Chapter 7 Debtor pursuant to 11 U.S.C. § 303; denial of his Motion for Reconsideration; and, the bankruptcy court's denial of the Motion to Stay the bankruptcy proceedings.  Additionally, Hrobuchak filed with this Court a Motion to Stay the Bankruptcy Case and the Order of the Bankruptcy Court. (Doc. 9.) Appellees are Navistar Financial Corporation ("NFC") and Navistar Leasing Company ("NLC" and collectively "Navistar"). Transcontinental Refrigerated Lines, Inc., by Lawrence V. Young, acting in his capacity as a Liquidating Agent  (collectively "TRL"),  filed a Motion for Relief from the Automatic Stay (Doc. 15) and a corresponding Motion for an Expedited Hearing (Doc. 16.) which are also pending before the Court.  Because the bankruptcy court did not err in granting summary judgment in favor of Navistar, Hrobuchak's appeal will be denied, his motion for stay will also be denied and TRL's motion for relief from the automatic stay will be denied as moot.

## I. Background

### A. *Initial Bankruptcy Proceedings*

The following facts are as set forth in the Chapter 7 Involuntary Bankruptcy Petition and response, and in the motion for summary judgment and response filed in the bankruptcy court: (*Designated Record (Bankruptcy)* Docs. 4-1; 4-3; 4-4; 4-5.) Hrobuchak was the president of Transcontinental Refrigerated Lines, Inc. ("TRL"). (Doc. 4-4, ¶ 15.) An involuntary bankruptcy action was commenced under Chapter 7 of the Bankruptcy Code against TRL on February 29, 2008 in the United States Bankruptcy Court for the Middle District of Pennsylvania at case number 08-50578-JJT. (*Id.*) The case was converted to a Chapter 11 bankruptcy on March 31, 2008. (*Id.*) Hrobuchak was listed as a co-debtor in the bankruptcy on some of TRL's debts. (Doc. 4-3, 3 ¶ 12.) On November 16, 2008, a First Amended Plan of Reorganization was confirmed. (*Id.* at ¶ 14.) Lawrence V. Young was appointed as liquidating agent and vested with control of all property and assets of the TRL Bankruptcy. (*Id.* at ¶ 15.) On February 26, 2010, TRL through Mr. Young, commenced an action in the bankruptcy court in an attempt to liquidate claims against several individuals and entities with Hrobuchak and Cherry Marine, LLC[1], among them. (*Id.* at ¶ 17.) The core bankruptcy proceedings were transferred to the District Court of the Middle District of Pennsylvania and docketed at case number 1:13-cv-02163-CCC (hereinafter "related case"). (*Id.* at ¶¶ 18-19.) In the litigation, which is still pending, TRL, through Mr. Young, makes allegations that bankruptcy assets of TRL were improperly shifted to Hrobuchak and Cherry Marine, LLC., among others. (*Id.* at ¶ 19.)

On October 30, 2008, a default judgment was entered against Hrobuchak in favor

---

[1] Cherry Marine, LLC., owns a yacht named Cherry Bomb that is up for sale and Navistar contends is an asset of Hrobuchak's. The involuntary petition was purportedly filed to prevent the dissipation of Hrobuchak's alleged asset. (Doc. 4-4, ¶¶ 5, 17-20.)

of both NFC and NLC in the District Court of the Middle District of Pennsylvania and docketed at 3:08-cv-00959. (*Id.* at ¶ 20.) Navistar executed the judgment multiple times. (*Id.* at ¶ 21.) Currently, Navistar holds two judgments against Hrobuchak together totaling $ 7, 642, 521.15. (Doc. 4-4, at ¶ 16.) Hrobuchak has not personally made any payments to Navistar but Navistar has received payments from the TRL Bankruptcy. (Doc. 4-4, at ¶ 16.)

    **B.**    *Current Appeal*

As set forth in the Hrobuchak's appellate brief (Doc. 10.), on May 1, 2014, Navistar filed a Chapter 7 Involuntary Bankruptcy Petition ("Involuntary Petition") in the Bankruptcy Court of the Middle District of Pennsylvania against Hrobuchak. (Doc. 4-1) On May 23, 2014, Hrobuchak filed a Response and a Motion to Dismiss the Involuntary Bankruptcy Petition. On June 17, 2014, Orix Financial Services, Incorporated ("Orix") was joined in the Involuntary Petition. (Doc. 4-2.) Judge John J. Thomas ("Judge Thomas") denied Hrobuchak's motion to dismiss. On July 9, 2014, Hrobuchak filed a response to the Involuntary Petition. (Doc. 4-3.) On September 9, 2014, Navistar filed a Motion for Summary Judgment. (Doc. 4-4.) On October 10, 2014, Hrobuchak filed a response opposing the motion for summary judgment (Doc, 4-5.) and a brief in opposition (Doc. 4-6.). On October 23, 2014, Judge Thomas conducted a hearing on the motion for summary judgment. Following the hearing, Judge Thomas issued the following order:

> UPON CONSIDERATION of the Motion for Summary Judgment filed by Navistar Financial Corporation ("NFC") and Navistar Leasing Company ("NLC" which together with NFC are collectively "Navistar"), it is hereby ORDERED, ADJUDGED, and DECREED that Navistar's Motion for Summary Judgment is GRANTED and it is further
>
> ORDERED that Stephen P. Hrobuchak, Jr., is adjudicated a Chapter 7 Debtor pursuant to 11 U.S.C. § 303.

(Doc. 1-1.) On November 10, 2014, following Judge Thomas's order, Hrobuchak filed a Motion for Reconsideration. (Doc. 9-1.) Hrobuchak also filed a Motion to Stay. (Doc. 4-11.)

On December 9, 2014, after a hearing, Judge Thomas orally denied the Motion for Stay (Doc. 1-2.)[2] On April 8, 2015, Judge Thomas denied Hrobuchak's Motion to Reconsider and issued an Opinion (Doc. 4-14.) and Order (Doc. 4-15.). *See In Re: Hrobuchak*, 5-14-bk-2098, 2015 WL 1651974 (M.D.Pa., April 8, 2015).

Hrobuchak's Notice of Appeal was filed on April 21, 2015. (Doc. 1.) On June 23, 2015, Hrobuchak filed a Motion to Stay the Bankruptcy Case. (Doc. 9.) Hrobuchak filed his appellate brief on June 29, 2015. (Doc. 10.) Hrobuchak filed a brief in support of his motion to stay on July 7, 2015. (Doc. 11.) On July 9, 2015, this Court issued on Order granting, in part, the motion to stay, pending a decision. (Doc. 12.) On July 21, 2015, Navistar filed a brief in opposition to the motion to stay. (Doc. 14.) On July 29, 2015, TRL, through its liquidating agent, filed a Motion to Lift Stay (Doc. 15.) and a Motion to Expedite Hearing on the Motion to Lift Stay (Doc. 16.) as well as supporting briefs (Docs. 17-18.). On August 3, 2015, Hrobuchak filed a reply with regard to his motion to stay. (Doc. 19.) Navistar's appellate brief was filed on August 8, 2015. (Doc. 20.) On August 4, 2015, Hrobuchak filed a reply brief to the Navistar's opposition to the motion to stay the bankruptcy case. (Doc. 21.) On August 12, 2015, Hrobuchak filed a brief in opposition to the motion to lift stay. (Doc. 22.) On August 17, 2015, Hrobuchak filed a reply brief as appellate. (Doc. 23.) On November 5, 2015, Hrobuchak filed a Notice of Supplemental Authority pursuant to Federal Rule of Bankruptcy Procedure 8014(f). (Doc. 24.) The appeal, motion to stay and motion to lift stay are now ripe for disposition.

## II. Jurisdiction

28 U.S.C. § 158(a) provides that the district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges.

---

[2] A Proceeding Memo indicates that Judge Thomas issued an oral order of record denying the Motion. (Doc. 4-13, *Designated Record (Bankruptcy)*.)

*Heurlin v. Cole Alexander Financial Ltd.,* 2015 WL 1741229, * 2 (M.D. Pa. March 31, 2015) (citing *Goldsmith v. Winnecour*, 485 B.R., 522, 526 (W.D.Pa. 2013)). An order denying reconsideration is final if the underlying order is final and together the orders end the litigation on the merits." *In re Vazquez*, 471 B.R. 752, 758 (B.A.P. 1st Cir. 2012) (citation omitted). Judge Thomas's October 23, 2014 Order constitutes a final order as it granted summary judgment and, therefore, the April 8, 2015 denial of reconsideration is also a final order. This Court's jurisdiction over the instant matter is therefore appropriate. *See, e.g., Burns v. Malo*, No. 08-1953, 2010 WL 818075, *1 n.4 (M.D. Pa. Mar. 9, 2010).

### III. Discussion

**A.  Bankruptcy Court Appeal**

In his appellate brief, Hrobuchak identifies three issues for appeal. First, Hrobuchak contends that the bankruptcy court erred in granting Navistar's motion for summary judgment. (Doc. 10, 12.) Second, he argues that the bankruptcy court erred by denying the motion for reconsideration, and not utilizing Federal Rules of Bankruptcy Procedure 9023 and 9024 to correct the asserted errors of law and/or by improperly weighing the facts. (*Id.* at 13.) Third, Hrobuchak asserts that the bankruptcy judge erred by not staying the bankruptcy case, pending further determination. (*Id.*) Navistar contends that Judge Thomas ruled appropriately and argues such in its appellate brief. (Doc. 19.) In granting Navistar's motion for summary judgment, Judge Thomas put his reasoning on the record in open court. *See* Fed. R. Bankr. P. 7052.

#### 1.  *Motion for Summary Judgment*

Hrobuchak first contends Judge Thomas erred by granting Navistar's motion for summary judgment. Federal Rule of Bankruptcy Procedure 8013 provides that a reviewing court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr.P. 8013. "A bankruptcy

court's legal determinations" are reviewed "*de novo,* independent of that court and without deference to its analysis and conclusions of law." *Forever Green Athletic Fields, Inc. v. Dawson*, 514 B.R. 768, 778 (E.D. Pa. 2014) aff'd sub nom. *In re Forever Green Athletic Fields, Inc.*, 804 F.3d 328 (3d Cir. 2015) (citations omitted). But, "[t]he reviewing court may affirm an order of the bankruptcy court on any ground apparent from the record." *McNeil v. Markuski*, No. CIV. WDQ-13-2569, 2014 WL 3817227, at *2 (D. Md. July 31, 2014) (citations omitted). An award of summary judgment is, therefore, reviewed *de novo*, "applying the same test on review that the [bankruptcy court] should have applied." *MBIA Ins. Corp. v. Royal Indem. Co.*, 426 F.3d 204, 209 (3d Cir. 2005) (citing *In re Ikon Office Solutions, Inc.,* 277 F.3d 658, 665 (3d Cir. 2002)). Summary judgment should be awarded when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "All reasonable inferences from the record must be drawn in favor of the nonmoving party." *MBIA Ins. Corp.*, 426 F.3d at 209 (citing *Brewer v. Quaker State Oil Refining Corp.,* 72 F.3d 326, 333 (3d Cir.1995)).

### a.   Number of Creditors

Hrobuchak argues the grant of summary judgment was in error because "[m]aterial questions of facts existed with respect to what [Navistar] knew prior to bringing its Involuntary Bankruptcy Petitions with reckless disregard of the bankruptcy rules . . ." (Doc. 10, 13.)[3] The

---

[3]

Hrobuchak's payment of his debts was not discussed by Judge Thomas. In its motion for summary judgment, Navistar alleges that Hrobuchak had not paid them any money. Although he makes a passing reference in his appellate brief that he "has generally paid his creditors prior to the Involuntary Bankruptcy Petition," Hrobuchak did not expand further on this issue. Therefore, if contested, the issue is waived. *United States v. Pelullo,* 399 F.3d 197, 222 (3d Cir.2005) ("It is well settled that an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal."*)* In response and

rules provide the following:

> **(b)** An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title--
>
> **(1)** by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount, or an indenture trustee representing such a holder, if such noncontingent, undisputed claims aggregate at least $15,325 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims;
>
> **(2)** if there are fewer than 12 such holders, excluding any employee or insider of such person and any transferee of a transfer that is voidable under section 544, 545, 547, 548, 549, or 724(a) of this title, by one or more of such holders that hold in the aggregate at least $15,325 of such claims;

11 U.S.C.A. § 303. After a petition has been filed, the alleged debtor may challenge the action by complying with the following:

> If there are fewer than three (3) petitioning creditors that filed the involuntary petition and the involuntary debtor alleges that he or she has more than twelve (12) creditors, then the debtor has the burden to raise this issue by filing a list pursuant to Fed. R. Bankr.P. 1003(b)(2). Once the debtor complies with Fed. R. Bankr.P. 1003(b), the burden shifts to the petitioning creditors to prove that the alleged involuntary debtor has less than twelve (12) eligible creditors.

*In re Colon*, 474 B.R. 330, 363-64 (Bankr. D.P.R. 2012). Fed. R. Bankr.P. 1003(b) provides:

> [i]f the answer to an involuntary petition filed by fewer than three creditors avers the existence of 12 or more creditors, the debtor shall file with the

---

opposition to the motion for summary judgment, Hrobuchak denied Navistar's averment that he has not personally paid any sums towards the judgment it holds against him (Doc. 4-4, 4 ¶ 16.), however, his denial states that Navistar was paid sums from the underlying bankruptcy, expects to receive further funds, and has garnished funds from Hrobuchak on "its judgments in the U.S. District Court for the Middle District of Pennsylvania." (Doc. 4-5, 7 ¶ 16.) Hrobuchak references a docket sheet to support his claims of garnishment, however, the last indication of a writ of execution was from July 1, 2009. (*Id.* at 121.) The record does not support the fact that Hrobuchak was paying his debts, even if this matter is contested. *See* 11 U.S.C.A. § 303 (West) **("(h)** If the petition is not timely controverted, the court shall order relief against the debtor in an involuntary case under the chapter under which the petition was filed. Otherwise, after trial, the court shall order relief against the debtor in an involuntary case under the chapter under which the petition was filed, only if-- **(1)** the debtor is generally not paying such debtor's debts as such debts become due unless such debts are the subject of a bona fide dispute as to liability or amount;").

7

answer a list of all creditors with their addresses, a brief statement of the nature of their claims, and the amounts thereof. If it appears that there are 12 or more creditors as provided in § 303(b) of the Code, the court shall afford a reasonable opportunity for other creditors to join in the petition before a hearing is held thereon.

*In re Colon*, 474 B.R. at 363-64 (citing Fed. R. Bankr.P. 1003(b)). Hrobuchak contends that the number of his creditors exceeds twelve.

In his opinion denying Hrobuchak's Motion for Reconsideration, Judge Thomas did not determine the number of Hrobuchak's creditors but states that he repeatedly questioned counsel regarding the number of creditors and reasons:

if the creditor (sic) had less than twelve creditors, then the statutory requirement of having one or more petitioning creditors was met. If, on the other hand, the Debtor had more than fourteen creditors, then the requirement of having three creditors filing a petition was also met, inasmuch as, prior to the adjudication of Debtor, Orix Financial Services, Inc., joined as a petitioning creditor.

(Doc. 4-14, 2-3.) Judge Thomas also considers the possibility that the Involuntary Petition was filed in bad faith but ultimately concludes that the petition was not filed in bad faith and declines to reconsider. Judge Thomas opines that Hrobuchak failed demonstrate that Navistar filed the Involuntary Petition in bad faith and states that his decision was based on the determination that, whether there were more or less than twelve creditors, it was of no moment because, no matter the amount of creditors, Navistar had met the petitioning requirements under section 303 to have Hrobochak adjudicated a debtor under the bankruptcy code. (Doc.4-14, 2-3.)

Hrobuchak now asserts that the bankruptcy court failed to acknowledge and credit:

[m]aterial questions of facts [that] existed with respect to what the Appellees knew prior to the Involuntary Bankruptcy Petition and whether Appellees acted in bad faith by bringing its Involuntary Bankruptcy Petitions with reckless disregard of the bankruptcy rules in an attempt to confer jurisdiction on the Bankruptcy Court in order to harass, embarrass, punish and increase costs for Appellant with the improper purpose of utilizing the Bankruptcy Court as a debt collection device. . .

(Doc. 10, 13.) Judge Thomas states that Navistar had maintained throughout the proceedings that Navistar believed that Hrobuchak had less than twelve creditors. As argued

in its motion for summary judgment as well as its appellate brief, Navistar took steps before filing the Involuntary Petition. (Doc. 4-4, 2; Doc. 20, 4.) Navistar argues it conducted significant due diligence to determine the number of Hrobuchak's creditors including:

> (a) performing a credit bureau search on Hrobuchak (which indicated Hrobuchak had fewer than [nine (9)] possible creditors; (b) reviewing the Co-Debtor Schedules of Hrobuchak's former corporation TRL (which indicated Hrobuchak had, at most, [ten (10)] possible creditors in 2008, many of which are now time-barred from claiming a "debt") and ( c) contacting several of the purported creditors of Hrobuchak, several of which claimed they were not owed a debt by Hrobuchak and/or claims the debt was charged off due to age

and ultimately concluded that Hrobuchak had fewer than twelve creditors. (Doc. 19, 10.) Navistar contends that at least three (3) of Hrobuchak's purported creditors are not creditors that must be counted to reach the requisite twelve (12).

The alleged debtor is obligated to provide support to substantiate its purported number of creditors. *In re Rothery*, 143 F.3d 546, 549 (9th Cir. 1998). And the debtor has the burden to demonstrate that the petitioning creditor "knew or should have known that [the] debtor had more than 12 creditors" when the involuntary bankruptcy petition is filed. *In re Mylotte, David & Fitzpatrick*, No. 07-11861BIF, 2007 WL 2033812, at *10 (Bankr. E.D. Pa. July 12, 2007) (citing *In re R & A Business Associates, Inc.,* 1999 WL 820859, at *2 (E.D.Pa. 1999)). Therefore, Hrobuchak must demonstrate that he did in fact have twelve creditors at the time the Involuntary Petition was filed.

 Hrobuchak's various filings provide statements and  documentation concerning his purported creditors. After Navistar filed the Involuntary Petition, Hrobuchak first filed a Motion to Dismiss the Involuntary Bankruptcy Petition and attached a list of fourteen purported creditors. (*Appellate Brief*, Doc. 10, 7.) Hrobuchak listed the following: Navistar Leasing Company; Navistar Financial Corporation; People's Capital and Leasing Corporation; Transport International Pool, Inc.; General Electric Capital Corporation; Orix Financial Services, Inc.; Ford Motor Credit Company, LLC; Primus Financial Services; PACCAR Financial Corporation; Scranton Petro, LP; Bank of America Leasing & Capital,

LLC; Truck World; Freightliner Credit Corporation/Daimler Chrysler Services; and Mastercard. (Doc. 4-3, 179-81.)  Hrobuchak alleged that nine creditors, not including Navistar and Orix, had obtained judgments against him and the remaining held outstanding claims. (*Id.*) In support, Hrobuchak attached documentation regarding the underlying 2008 bankruptcy proceeding; evidence of Navistar's claims against Hrobuchak; the related case before Chief Judge Conner; his list of fourteen purported creditors; documentation regarding the yacht; evidence of the judgment entered against him in favor of Orix; and copies of various vehicle titles. (Doc. 4-3.) Additionally attached to Hrobuchak's response in opposition to summary judgment were emails from Ms. Holly Coombes, a manager at Navistar; notices of default judgments in favor of People's Capital and Leasing Corporation, Ford Motor Company, LLC, d/b/a Primus Financial Services, and PACCAR Financial Corporation against Hrobuchak; documentation of an open case filed by Scranton Petro, LP, against Hrobuchak; a consent judgment in favor of LaSalle National Leasing Corporation; and responses to interrogatories by both Hrobuchak and Navistar. (Doc. 4-5.)

Navistar argues that Hrobuchak did not have fourteen creditors and that he failed to meet his burden in opposing the motion for summary judgment. (Doc. 19, 16-17.)  Navistar contends that because Hrobuchak could not produce evidence of claims against him by Primus Financial, Scranton Petro or Freightliner/Daimler, he failed to substantiate these claims. (*Id.*) Navistar further argues that these entities do not have claims against Hrobuchak based on the following: Primus Financial Services was doing business as Ford Motor Company and therefore, the claims are one in the same[4]; the litigation filed by Scranton Petro, LP against Hrobuchak was still ongoing and Hrobuchak was contesting the debt; and because Hrobuchak stated he owed an unknown amount to Freightliner/Daimler and the

---

[4]

The judgment was entered in the Luzerne County Court of Common Pleas at the same term and number of 14213 of 2008, with an identical amount listed for both. *See Williams v. First Nat. Bank of St. Louis*, No. 4:14CV01458 ERW, 2014 WL 5800199, at *4 (E.D. Mo. Nov. 7, 2014) ("If Company A "does business as" Company B, there is only one entity.")

statute of limitations has passed for collection on the claim[5], the claim could not be collected against Hrobuchak. (*Id.* at 14-16.) Section 303 provides that only claims that are not subject to a "bona fide dispute" are considered for purposes of determining the amount of a debtor's creditors. *See* 18 U.S.C. § 303(b).[6] "A claim is in bona fide dispute if there is a substantial issue of material fact that bears on the debtor's liability, or a substantial contention as to the application of law to the facts." *In re Graber*, 319 B.R. 374, 377 (Bankr. E.D. Pa. 2004) (citing *B.D.W. Associates, Inc. v. Busy Beaver Building Centers, Inc.,* 865 F.2d 65, 66 (3d Cir.1989)). Hrobuchak has not provided evidence that Scranton Petro's claim is not subject to a bona fide dispute because it has not been reduced to a judgment. Also, Hrobuchak would have a statute of limitations defense against any action seeking a judgment by Freightliner/Daimler.

In further support of its position, Navistar provided an affidavit of Ms. Coombes that stated that prior to the filing of the Involuntary Petition, she contacted several of Hrobuchak's purported creditors who stated that the indebtedness was too old or charged off or that the purported creditors were owed a debt but Hrobuchak did not necessarily serve as a guarantor.[7] (Doc. 19, 17-18.) Hrobuchak did not provide any additional documentation or

---

[5] Pennsylvania law provides that the statute of limitations for the breach of any contract for sale is four years and the cause of action accrues when the breach occurs. 13 Pa. C.S. § 2725. Navistar alleges Freightliner filed a claim in the underlying 2008 bankruptcy case and therefore, a time period in excess of four years had passed since the claim accrued.

[6] The following are examples of claims that are excluded under 18 U.S.C. § 303(b): "(a) claims contingent as to liability, (b) claims subject to a bona fide dispute, (c) claims of employees of the debtor, (d) claims of insiders of the debtor, (e) claims of recipients of transfers voidable under 11 U.S.C. §§ 544, 545 (statutory liens), 547 (preferences), 548 (fraudulent transfers), 549 (post-petition transfers), or 724(a) (penalty claims)." *In re Mylotte, David & Fitzpatrick*, 2007 WL 2033812, at *6 (citing *Atlas Machine and Iron Works, Inc. v. Bethlehem Steel Corp.,* 986 F. 2d 709, 714 (4th Cir. 1993)).

[7] Hrobuchak was listed as a codebtor on certain claims in the bankruptcy proceedings,

evidence to support twelve creditors. "[A] party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial" and can "not defeat the properly supported summary judgment motion" without "offering 'any significant probative evidence tending to support the [claim].'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S. Ct. 2505, 2514, 91 L. Ed. 2d 202 (1986). Hrobuchak failed to demonstrate that there was a question whether he was entitled to judgment as a matter of law and Judge Thomas correctly decided he was not because Navistar complied with the rules when filing the Involuntary Petition without three creditors and Hrobuchak was properly adjudicated a Chapter 7 Debtor.

Notwithstanding that the involuntary petition was filed appropriately, the joinder of Orix corrected any potential deficiency because, I, like Judge Thomas, do not find evidence of bad faith on the part of Navistar as discussed below.

### b.     Bad Faith

Hrobuchak argues that the filing of the Involuntary Petition was done in bad faith by Navistar and the joinder of Orix did not cure the bad faith filing by Navistar. When filing an Involuntary Petition under Chapter 7, the "purpose must be to marshal a debtor's assets in order to achieve a greater pro rata distribution among a debtor's various unsecured creditors than what would be otherwise available outside of bankruptcy." *In re Forever Green Athletic Fields, Inc.*, 500 B.R. 413, 425 (Bankr. E.D. Pa. 2013) aff'd sub nom. *Forever Green Athletic Fields, Inc. v. Dawson*, 514 B.R. 768 (E.D. Pa. 2014) aff'd sub nom. *In re Forever Green Athletic Fields, Inc.*, 804 F.3d 328 (3d Cir. 2015)(citations omitted). "A petitioner must have some plausible reason to believe that the bankruptcy system is necessary to maximize the recovery of a debtor's creditors." *Id.* "To be filed in good faith, a petition must do more than merely invoke some distributional mechanism in the Bankruptcy Code. It must seek to create

---

against Transcontinental Refrigerated Lines, Inc, filed in the Middle District of Pennsylvania at case number 08-50878 JJT. (Doc. 4-3, 31.)

or preserve some value that would otherwise be lost—not merely distributed to a different stakeholder—outside of bankruptcy." *NMSBPCSLDHB v Integrated Telecom Express, Inc.* (*In re Telecom Express, Inc.*), 384 F.3d 108, 129 (3d Cir. 2004). "In general, when evaluating whether an involuntary petition was properly filed and meets the requirements of section 303, '[g]ood faith is presumed and the debtor has the burden of proving bad faith by a preponderance of the evidence.'" *In re Mylotte, David & Fitzpatrick*, 2007 WL 2033812, at *10 (citing *In re Ballato,* 252 B.R. 553, 558 (Bankr.M.D.Fla.2000)).

Hrobuchak argues that Navistar filed the Involuntary Petition "with reckless disregard of the bankruptcy rules in an attempt to confer jurisdiction on the Bankruptcy Court in order to harass, embarrass, punish and increase costs for [Hrobuchak] with the improper purpose of using utilizing the Bankruptcy Court as a debt collection device." (Doc. 10, 13.) Hrobuchak contends that Judge Thomas failed to look at the "totality of circumstances" and would have found bad faith on the part of Navistar had he done so. Hrobuchak further states that "the Bankruptcy Court may have interpreted the Bankruptcy Code as containing no express requirement that an involuntary bankruptcy petition be filed in good faith and that bad faith should only be addressed by the Bankruptcy Court after an involuntary bankruptcy petition had been dismissed by the Bankruptcy Court." (*Id.* at 9.) However, Judge Thomas directly addresses this contention in his opinion denying reconsideration stating that he believes Hrobuchak "misapprehended the adjudication and the perceived role of good and bad faith." (Doc. 4-14, 2.)

Hrobuchak continuously asserts that Navistar knew or should have known that Hrobuchak had twelve or more creditors and relies on emails sent by a Manager at Navistar, Ms. Holly Coombes. These emails were attached to his opposition to Navistar's motion for summary judgment in an attempt to establish that Navistar knew or should have known that he had twelve or more creditors and thus filed the Involuntary Petition with less than the required creditors. Hrobuchak argues that because Ms. Coombes twice stated that a third creditor was needed to file an involuntary bankruptcy proceeding against Hrobuchak, this is

13

evidence that it knew there were more than twelve and it filed in an attempt to improperly confer jurisdiction on the bankruptcy court. However, the important factor, as argued by Navistar and found to be determinative by Judge Thomas, was that Hrobuchak failed to demonstrate he did in fact have twelve or more creditors. "[T[here is nothing inherently wrong with petitioning creditors soliciting other petitioning creditors to join with them." *In re Utilimax.Com, Inc.*, 265 B.R. 63, 68 (Bankr. E.D. Pa. 2001). Therefore, it cannot be said that there is a genuine issue of material fact because Ms. Coombes indicated in her emails that a third creditor was needed. A third creditor was not required and even viewing this fact in the light most favorable to Hrobuchak, the fact is not material to the current dispute because Hrobuchak failed to demonstrate twelve creditors at the time of filing of the Involuntary Petition. Additionally, even if the petition was deficient, the joinder of Orix would cure any alleged deficiency because it was done prior to a decision by the bankruptcy court. *See* Fed. R. Bankr.P. 1003(b).

In further support, Hrobuchak filed a notice of supplemental authority with citation to the Third Circuit case of *In re: Forever Green Athletic Fields, Inc.* 804 F. 3d 328 (3d Cir. 2015). Hrobuchak argues this case supports his contention that an involuntary petition can be dismissed due to bad faith on the part of the filers. (Doc. 24, 2.) The Third Circuit makes clear that "an involuntary petition. . . may be dismissed for bad faith." *In re: Forever*, 804 F. 3d at 335. However, the facts amounting to bad faith in *In re: Forever* are dissimilar from the current case. The petitioning creditor was found to have filed an involuntary petition in an attempt to end an arbitration proceeding between the parties and was seeking to exert pressure on the debtor to pay his judgment without regard to other creditors. *Id.* at 336. The court also determined that there was no "evidence that [the petitioner] engaged in any type of due diligence and the sober decision-making process that would proceed any involuntary filing." *Id*. at 337. I do not disagree with Hrobuchak that an involuntary petition can be dismissed if filed in bad faith. However, unlike in *In re Forever*, there is no evidence of bad faith in the current case.

Judge Thomas's opinion states that he credited Navistar's stated reason for filing the Involuntary Petition. Navistar sets forth that the Involuntary Petition was filed to prevent Hrobuchak from selling his one known asset," and contends that its purpose in filing the Involuntary Petition was "to prevent ongoing fraudulent transfers and asset dissipation by Hrobuchak." (Doc. 4-4, 2-3; Doc. 19, 14.) Navistar attached a Memorandum and Order of Chief Judge Conner of the Middle District of Pennsylvania to its motion for summary judgment. (Doc. 4-4, 28-58; *Transcontinental Refrigerated Lines, Inc. ex. rel. Young* v. *New Prime, Inc.,* 2014 WL 2471936 (M.D.Pa. June 3, 2014). In litigation between the parties, Chief Judge Conner ordered that certain communications between Hrobuchak and his attorneys were no longer entitled to privilege based on the crime-fraud exception as they were possibly in furtherance of an allegedly fraudulent transfer. (*Id.* at 57; *13.) Further, the affidavit of Holly Coombes states:

> On September 20, 2013, Navistar became aware that Hrobuchak was attempting to sell the yacht purportedly owned by Cherry Marine, Cherry Bomb, for a price in excess of $ 1 Million. This is the same boat that the Liquidating Agent in the TRL bankruptcy claims was procured through a series of fraudulent transfers by Hrobuchak. Navistar is aware of such claims through continued review of the pleadings filed in the TRL adversary action.

(Doc. 4-4, 20.) Ms. Coombes also states that "Navistar instituted this involuntary bankruptcy to prevent Hrobuchak's continued fraudulent transfers of assets (including his yacht) and to prevent the further waste and dissipation of Hrobuchak's assets by Hrobuchak." (*Id.*) Hrobuchak counters that the evidence, viewed in the light most favorable to him, shows that he does not own a yacht and that Navistar was impermissibly using the bankruptcy court as a collection mechanism rather than attempting to protect any potential assets. In support, Hrobuchak cites to several cases where courts found that the petitioning creditor had employed the involuntary process solely as a means of debt collection. (Doc. 10, 15.) However, each is distinguishable from the current case. In *Atlas Mach. & Iron Works, Inc. v. Bethlehem Steel Corp.*, 986 F.2d 709, 716 (4th Cir. 1993), the petitioner had conceded that it filed the involuntary petition to collect the debt. In *In re Nordbrock*, 772 F.2d 397, 399 (8th Cir. 1985), the petitioner filed an involuntary petition while concurrently attempting to

enforce the same claim in the district court.  The court in *In re Whiteside*, 240 B.R. 762, 766 (Bankr. W.D. Mo. 1999), stated that the use of an involuntary petition might constitute an improper attempt to use the bankruptcy courts, but did not decide the issue because the petitioner purportedly filed the involuntary petition based on attorney's advice, and "reliance upon counsel's advice has been held to preclude a finding of bad faith where there is an absence of malice or ill will."  In *In re Tichy Elec. Co. Inc.*, 332 B.R. 364, 377 (Bankr. N.D. Iowa 2005), the petitioners filed for the sole purpose of collecting debts owed to it but failed to seek to have its claim reduced to a judgment prior to filing the involuntary petition. Navistar did not attempt to go to the bankruptcy court before seeking relief in a district court. Navistar previously sought relief and judgments were entered on its behalf and there is no other evidence of record to show bad faith..

Also despite Hrobuchak's contention that he does not own the yacht, it cannot be said that Navistar's actions are evidence of bad faith, nor has Horbuchak shown any evidence that the filing was made in an effort to "harass, embarrass, punish, and increase costs" for Hrobuchak while improperly using the bankruptcy courts as a debt collection device. Hrobuchak did not contend the yacht was in fact listed for sale since 2013, (Doc. 4-5, 5.) and whether or not Hrobuchak or a corporation formed by Hrobuchak, owned the yacht, such evidence does not demonstrate bad faith on the part of Navistar. "The desire of a creditor to be paid is not, in and of itself, evidence of bad faith." *In re Wardley Corp.*, No. BR 09-29171, 2011 WL 3269437, at *2 (Bankr. D. Utah Aug. 1, 2011). As stated, Hrobuchak has the burden of showing bad faith, and has failed to do so. Judge Thomas properly granted summary judgment on behalf of Navistar.

### 2. *Motion for Reconsideration*

Hrobuchak also contends Judge Thomas erred by failing to grant his Motion to Reconsider (Doc. 4-9.). Hrobuchak argues that because he has shown that the grant of summary judgment was based on manifest errors of law and errors in the application of material facts, failure of Judge Thomas to reconsider his October 23, 2014 Order was also

in error. Judge Thomas found that he "did not make any errors or law or fact" and denied "the Motion for Reconsideration under Federal Rule of Bankruptcy Procedure 9023." (Doc. 4-14, 4.) "Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure, which are made applicable to bankruptcy proceedings by Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure, permit the bankruptcy court to alter, amend, or vacate a judgment after its entry or, in limited circumstances, reconsider a substantive aspect of a previously rendered determination." *In re DEF Investments, Inc.*, 186 B.R. 671, 680-81 (Bankr. D. Minn. 1995) (citing *NationsBank v. Blier* (*In re Creative Goldsmiths*), 178 B.R. 87, 90–91 (Bankr.D.Md.1995)). "One of the primary purposes of such a motion is to permit the correction of any manifest errors of law or misapprehension of fact." *In re DEF Investments, Inc.*, 186 B.R. 671, 680-81 (Bankr. D. Minn. 1995) *See Hutchinson v. Staton,* 994 F.2d 1076, 1081 (4th Cir.1993); *Lux v. Spotswood Constr. Loans,* 176 B.R. 416, 420 (E.D.Va.), *aff'd,* 43 F.3d 1467 (4th Cir.1994). Because I would also grant summary judgment in favor of Navistar, Hrobuchak's motion for reconsideration was properly decided by Judge Thomas and I will not further analyze this claim.

### 3. *Motion for Stay*

Hrobuchak finally contends Judge Thomas erred by failing to grant his Motion to Stay (Doc. 4-11.) the Order of October 23, 2014. Judge Thomas determined that Hrobuchak did not present any reason to grant relief under Federal Rule of Bankruptcy Procedure 9024 and denied relief. (Doc. 4-14, 4.) Because, as discussed below, I do not find that Hrobuchak has presented a showing sufficient for entry of a stay on his behalf, it follows that Judge Thomas's decision was not improper.

### B. Motion to Stay

Hrobuchak filed with this Court a motion to stay the bankruptcy proceedings docketed at case number 5:14-bk-02098-JJT, pending appeal. (Doc. 9.) This Court entered an order granting a stay of the bankruptcy proceedings pending a determination on Hrobuchak's appeal and the motion to stay after Navistar had an opportunity to respond. (Doc. 12.) For the reasons that follow, Hrobuchak's motion will be denied and the automatic stay will be

lifted.

"In order to obtain a stay pending appeal under Bankruptcy Rule 8005, a movant must establish the elements necessary to obtain a preliminary injunction: (1) a strong likelihood of success on the merits of the appeal; (2) the movant will suffer substantial irreparable injury if the stay is denied; (3) substantial harm will not be suffered by other parties if the stay is granted; and (4) issuance of the stay would not harm the public interest." *In re Bankr. Appeal of Allegheny Health, Educ. & Research Fund.*, 252 B.R. 309, 321 (W.D. Pa. 1999)(citations omitted).

I have decided that the appeal is not meritorious and I agree with Judge Thomas's decision to grant summary judgment in favor of Navistar, therefore, a stay of the bankruptcy case is not warranted. I will deny Hrobuchak's motion for a stay since the appeal has been decided and I will lift the automatic stay previously issued in this case.

**C.     Motion to Lift Stay**

TRL, through its liquidating agent, filed a motion to lift the automatic stay of the bankruptcy proceedings issued by this Court on July 9, 2015. (Doc. 15.) TRL seeks lifting of the stay to permit Hrobuchak's participation in the related case currently pending before Chief Judge Conner in the Middle District of Pennsylvania. Because I have decided that the stay will be lifted, this motion will not be addressed further and therefore will be denied as moot for the reasons stated above.

### III. Conclusion

For the above stated reasons, the Bankruptcy Court's October 23, 2014 Order will be affirmed, Hrobuchak's Motion to Stay the Bankruptcy Proceedings will be denied and TRL's Motion to Lift the Stay will be denied as moot.

An appropriate order follows.

 January 27, 2016                                               /s/ A. Richard Caputo
Date                                                                     A. Richard Caputo
                                                                              United States District Judge