**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **STEPHEN P. HROBUCHAK**, Jr., | CIVIL ACTION NO. 3:15-CV-777 |
| Appellant, | (JUDGE CAPUTO) |
| v. | Chapter 7 |
| **NAVISTAR FINANCIAL CORPORATION** and **NAVISTAR LEASING COMPANY**, | Bankruptcy: 5:14-bk-02098-JJT |
| Appellees. | |

## MEMORANDUM

Presently before me is Appellant, Stephen P. Hrobuchak, Jr.'s ("Hrobuchak") Motion for Reconsideration (Doc. 27) of this Court's Order denying Hrobuchak's Appeal and affirming rulings of the Bankruptcy Court. (Doc. 26). Specifically, Hrobuchak argues that a newly-discovered Opinion in an unrelated case warrants reconsideration. Because the Opinion is neither relevant nor controlling, and Hrobuchak fails to demonstrate any grounds necessary to warrant reconsideration, I will deny his motion.

### I. Background

Hrobuchak was the president of Transcontinental Refrigerated Lines, Inc. ("TRL"). (Doc. 4-4, ¶ 15.) An involuntary bankruptcy action was commenced under Chapter 7 of the Bankruptcy Code against TRL on February 29, 2008 in the United States Bankruptcy Court for the Middle District of Pennsylvania. (*Id.*) The case was converted to a Chapter 11 bankruptcy on March 31, 2008. (*Id.*) Hrobuchak was listed as a co-debtor in the bankruptcy on some of TRL's debts. (Doc. 4-3, 3 ¶ 12.) On November 16, 2008, a First Amended Plan of Reorganization was confirmed. (*Id.* at ¶ 14.) Lawrence V. Young ("Mr. Young") was appointed as liquidating agent and vested with control of all property and assets of the TRL Bankruptcy. (*Id.* at ¶ 15.) On February 26, 2010, TRL through Mr. Young, commenced an

action in the bankruptcy court in an attempt to liquidate claims against several individuals and entities with Hrobuchak and Cherry Marine, LLC,[1] among them. (*Id.* at ¶ 17.) The core bankruptcy proceedings were transferred to the U.S. District Court of the Middle District of Pennsylvania. (*Id.* at ¶¶ 18-19.) In that litigation, which is still pending, TRL, through Mr. Young, made allegations that bankruptcy assets of TRL were improperly shifted to Hrobuchak and Cherry Marine, LLC., among others. (*Id.* at ¶ 19.)

On October 30, 2008, a default judgment was entered against Hrobuchak in favor of Appellees Navistar Financial Corporation ("NFC") and Navistar Leasing Company ("NLC", which together with NFC are, collectively, "Navistar"). (*Id.* at ¶ 20.) In fact, Navistar holds two judgments against Hrobuchak together totaling $7,642,521.15. (Doc. 4-4, at ¶ 16.) Hrobuchak has not personally made any payments to Navistar but Navistar has received payments from the TRL Bankruptcy. (Doc. 4-4, at ¶ 16.)

On May 1, 2014, Navistar filed a Chapter 7 Involuntary Bankruptcy Petition ("Involuntary Petition") in the Bankruptcy Court of the Middle District of Pennsylvania against Hrobuchak. (Doc. 4-1) On May 23, 2014, Hrobuchak filed a Response and a Motion to Dismiss the Involuntary Bankruptcy Petition. On June 17, 2014, Orix Financial Services, Incorporated ("Orix") was joined in the Involuntary Petition. (Doc. 4-2.) Judge John J. Thomas ("Judge Thomas") denied Hrobuchak's motion to dismiss. On September 9, 2014, Navistar filed a Motion for Summary Judgment. (Doc. 4-4.) Following a hearing on October 23, 2014, Judge Thomas granted Navistar's Motion for Summary Judgment and ordered that Hrobuchak be adjudicated a Chapter 7 Debtor pursuant to 11 U.S.C. § 303 (Doc. 1-1).

On November 10, 2014, following Judge Thomas's Order, Hrobuchak filed a Motion for Reconsideration (Doc. 9-1.) and a Motion to Stay. (Doc. 4-11.) On December 9, 2014,

---

[1] Cherry Marine, LLC., owns a yacht named Cherry Bomb that is up for sale and Navistar contends is an asset of Hrobuchak's. The involuntary petition was purportedly filed to prevent the dissipation of Hrobuchak's alleged asset. (Doc. 4-4, ¶¶ 5, 17-20.)

after a hearing, Judge Thomas orally denied the Motion for Stay (Doc. 1-2.), and on April 8, 2015, he denied Hrobuchak's Motion for Reconsideration. *See In Re: Hrobuchak*, 5-14-bk-2098, 2015 WL 1651974 (M. D. Pa., April 8, 2015).

Hrobuchak filed a Notice of Appeal from Bankruptcy Court with this Court on April 21, 2015 (Doc. 1.), and on June 23, 2015, he filed a Motion to Stay the Bankruptcy Case. (Doc. 9.)

On January 29, 2016, I entered an Opinion affirming the Bankruptcy Court's grant of summary judgment to Navistar and adjudicating Hrobuchak a Chapter 7 debtor. In the Opinion, I concluded that: (1) there was no evidence that Navistar filed the Involuntary Petition in bad faith; and (2) there was no evidence that Hrobuchak had twelve or more creditors.[2] I referenced in my Opinion another case where Hrobuchak is a defendant, *Transcon. Refrigerated Lines, Inc. v. New Prime, Inc.*, 2014 U.S. Dist. LEXIS 75320, 2014 WL 2471936 (M. D. Pa. June 3, 2014) (hereinafter "*TRL I*"). In that case, Chief Judge Christopher C. Conner issued an Opinion overruling certain attorney-client privileges asserted by Hrobuchak and the law firm which assisted Hrobuchak with the fraudulent transfers at issue in that litigation. Specifically, after an *in camera* review of these attorney-client communications, Judge Conner overruled Hrobuchak's purported privilege

---

[2] As 11 U.S.C.A. § 303 provides:
>   (**b**) An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title--
>   (**1**) by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount, or an indenture trustee representing such a holder, if such noncontingent, undisputed claims aggregate at least $15,325 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims;
>   (**2**) if there are fewer than 12 such holders, excluding any employee or insider of such person and any transferee of a transfer that is voidable under section 544, 545, 547, 548, 549, or 724(a) of this title, by one or more of such holders that hold in the aggregate at least $15,325 of such claims.

under the crime-fraud exception, noting evidence that Hrobuchak utilized counsel to "funnel funds to foreign bank accounts" and to fraudulently transfer assets which "helped Hrobuchak enrich himself" at the expense of his creditors. *Id.* at \*10.

On February 12, 2016, Hrobuchak filed the instant Motion for Reconsideration. He argues that a new Opinion by Judge Conner in *Transcon. Refrigerated Lines v. New Prime, Inc.*, 2016 U.S. Dist. LEXIS 1105 (M. D. Pa. Jan. 6, 2016) (hereinafter "*TRL II*"), "rejected" *TRL I* and warrants a conclusion that Navistar's Involuntary Petition was filed in bad faith. (Doc. 28). Hrobuchak's motion is fully briefed and ripe for disposition.

## II. Legal Standard

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *See Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the movant establishes: (1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court decided the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café, by Lou–Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

"A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002). Reconsideration motions also may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment. *Hill v. Tammac Corp.*, Civ. A. No. 05–1148, 2006 WL 529044, at \*2 (M.D. Pa. Mar. 3, 2006). Lastly, reconsideration is an extraordinary remedy, and should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

### III. Discussion

In its Response in Opposition to Hrobuchak's Motion for Reconsideration, Navistar argues that Hrobuchak "fails to provide any procedural or substantive grounds for its consideration . . . [and] has failed to allege any change in law or newly discovered facts. Instead, Hrobuchak's Motion is premised on a blatant misreading of an irrelevant opinion in a completely different lawsuit that made no findings whatsoever pertinent to this bankruptcy proceeding." (Doc. 29, at 9). I agree.

*TRL II* does not affect the core findings of my summary judgment disposition. Hrobuchak claims that in *TRL II*, the court "rejected [the plaintiff's] reliance on [*TRL I*] as abdication of its summary judgment obligations and rejected [the plaintiff's] unsubstantiated allegations that [Hrobuchak] devised an intricate scheme to fraudulently transfer Transcontinental's assets to Defendants, Janis Hrobuchak, Nicole Hrobuchak, John Hrobuchak and Stephen Hrobuchak (not the Appellant), by granting a Motion for Summary Judgment in favor of the Defendants." (Doc. 28 at 3). Putting aside the fact that Hrobuchak mischaracterizes *TRL II*,[3] that decision is irrelevant to the instant case.

*TRL II* in no way suggests that Navistar's Involuntary Petition was filed in bad faith, which is at issue here. Navistar was not a party to that litigation nor is *TRL II* related to the Involuntary Petition, Hrobuchak, Cherry Marine LLC, the yacht or "bad faith" in general. *TRL II* granted summary judgment to three individuals based upon lack of evidence of receipt of fraudulently-transferred real estate proceeds. Hrobuchak fails to explain what connection, if any, *TRL II* has to whether or not Navistar's Involuntary Petition was filed in bad faith. More importantly, Hrobuchak's failure to prove he had twelve or more creditors was alone

---

[2] *TRL II* did not "reject" *TRL I*. *TRL II* noted merely that *TRL I* correctly used the crime-fraud exception to overrule asserted privilege, but that the plaintiff had simply failed to provide evidence that the three individuals had received fraudulent transfers of real estate proceeds.

a sufficient basis for me to affirm the Bankruptcy Court's ruling.

More fundamentally, Hrobuchak's argument that my January 29, 2016 Order should be vacated and reconsidered because of an unrelated ruling by a separate district court pertaining to different individuals fails to demonstrate any of the grounds necessary to warrant reconsideration. *See Max's Seafood Café*, 176 F.3d 677. Unless new evidence has come to light which, had such evidence been discovered previously, could have affected my decisions, or unless the law on an issue has changed since my consideration of that issue, a motion for reconsideration is not proper. *Id*. Hrobuchak cites to no manifest error of law or fact, nor does he cite to new evidence or claim any change in controlling law. The lone case he references, *TRL II*, is not "controlling law." It granted no relief to Hrobuchak, made no findings as to Cherry Marine LLC, and made no reference to Navistar or the Involuntary Petition. It has no bearing on my finding that Hrobuchak was properly placed in Chapter 7 bankruptcy by Navistar. *TRL II* does not bring Hrobuchak any closer to ascertaining that he had twelve or more creditors or supporting his argument that Navistar's Involuntary Petition was filed in bad faith, the core issues which I found merited the grant of summary judgment.

Hrobuchak is incorrect to think that he can endlessly revisit issues that have been carefully reviewed, adjudicated, and reconsidered multiple times. As such, his motion will be dismissed.

### III. Conclusion

For the above-stated reasons, Hrobuchak's Motion for Reconsideration (Doc. 27) of the January 29, 2016 Memorandum and Order (Docs. 25, 26) will be denied.

An appropriate order follows.

September 30, 2016                          /s/ A. Richard Caputo
Date                                         A. Richard Caputo
                                             United States District Judge